| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Dane W Exnowski<br>Malcolm Cisners A Law Corp<br>2112 Business Center Dr 2nd Fl<br>Irvine, CA 92612<br><br>949–252–9400<br><br><br><br>*Plaintiff or Attorney for Plaintiff* | FOR COURT USE ONLY |
|---|---|

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE

| In re:<br><br>Ivan Escobar and Aura L. Escobar<br><br><br><br><br>Debtor(s). | CASE NO.: 6:13–bk–30200–SY<br><br>CHAPTER: 7<br><br>ADVERSARY NUMBER: 6:15–ap–01168–SY |
|---|---|
| A. Cisneros, Chapter 7 Trustee<br><br>Plaintiff(s)<br>Versus<br><br>Ivan Escobar<br>**(See Attachment A for names of additional defendants)**<br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left–hand corner of this page. The deadline to file and serve a written response is **07/13/2015.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

    **Date:**             **September 3, 2015**
    **Time:**            **09:30 AM**
    **Hearing Judge:**   **Scott H. Yun**
    **Location:**        **3420 Twelfth St., Crtrm 302, Riverside, CA 92501**

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                                    Page 1                      **F 7004–1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016–1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016–1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016–1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                         **KATHLEEN J. CAMPBELL**
                         **CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: June 12, 2015

                         By: _____"s/" Susan Hawkinson_____
                                  Deputy Clerk



---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                       Page 2                       **F 7004–1.SUMMONS.ADV.PROC**

# ATTACHMENT A
Names of plaintiffs and defendants

| Plaintiff(s): | Defendant(s): |
|---|---|
| A. Cisneros, Chapter 7 Trustee | Ivan Escobar<br>Alba Escobar |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**ATTACHMENT A**

*Effective September 12, 2014*

# STATUS CONFERENCE PROCEDURES
# FOR THE HON. SCOTT H. YUN

The Court will set an initial status conference in all adversary proceedings to be held approximately 60 days after the matter is initiated and in all chapter 11 cases to be held approximately 30 to 40 days after the case is filed.  Trial counsel must appear at the initial adversary proceeding status conference in person, and debtor's counsel must appear at the initial chapter 11 status conference in person.  Unless otherwise ordered by the Court, parties and counsel may attend subsequent status conferences telephonically in accordance with Judge Yun's telephonic appearance procedures, which are available on the Court's website, www.cacb.uscourts.gov, by clicking on "Information," and then the judge's name.

**I.     STATUS REPORTS**

A.     A thorough, written status report, filed fourteen days in advance, is required before **every initial or continued** adversary proceeding and chapter 11 status conference.  For adversary proceeding status conferences, the status report must be a Joint Status Report in a form substantially similar to Local Bankruptcy Rule Form F 7016-1.STATUS.REPORT.  This form is available on the Court's website.  Failure to file a Joint Status Report may result in the imposition of monetary sanctions or the status conference being continued and parties being ordered to redo the status report to conform to the Local Bankruptcy Rule Form.

B.     Pursuant to Local Bankruptcy Rule ("LBR") 7016-1(a)(3), if a defendant has not responded to the complaint or fails to cooperate in the preparation of a joint status report, the plaintiff is required to file a Unilateral Status Report not less than seven days before the date scheduled for the status conference.  This Unilateral Status Report must contain the information in Sections A–E of LBR F 7016-1.STATUS.REPORT.  The Unilateral Status Report shall include a declaration setting forth the attempts made by the plaintiff to contact or obtain the cooperation of the defendant in the preparation of a Joint Status Report.

A Status Report (either joint or unilateral) is not required *only* in the following limited circumstances:

1. The matter is an adversary proceeding and, prior to the date scheduled for the status conference, the Court has entered an order approving a stipulation that resolves all issues raised by the adversary proceeding and provides either for dismissal of the action in its entirety or the entry of judgment in the action.

2. Prior to the date scheduled for the status conference, the Court has entered an order approving a stipulation continuing the status conference to a later

    date (a written status report must be filed not less than fourteen days in advance of the continued status conference date).

  3. The Court has expressly relieved the parties of the obligation to file a written status report.

Unless one of the three exceptions outlined above applies, status reports must be filed in a timely manner. Parties that fail to do so will be subject to a minimum sanction of $150.00 or such other sanctions as may be warranted under the circumstances or allowed under LBR 7016-1(f).

  Failure to appear for a status conference in an adversary proceeding may also result in a minimum sanction of $250, dismissal of the adversary proceeding for failure to prosecute, or such other sanctions as may be warranted under the circumstances or allowed under LBR 7016-1(f).

## II. DEFAULT

If a response to the complaint is not timely filed,The plaintiff should file a request for entry of default by the clerk. The plaintiff also may request entry of a default judgment by filing and serving (if necessary) an appropriate motion. See Fed. R. Bankr. P. 7055 and LBR 9021-1(d).

## III. FINAL JUDGMENT

  If the parties dispute whether the Court can enter a final judgment or order in the adversary proceeding, they must file points and authorities in support of their positions. Any party contending that the Court cannot enter a final judgment must file and serve a memorandum of points and authorities and evidence in support of its position no less than fourteen days before the initial status conference. Any response must be filed at least seven days before the initial status conference. **If a party does not file and serve its papers in a timely manner, that failure may be deemed consent to whatever determination the Court makes.**

## IV. JURY TRIAL

  Any party claiming a right to trial by jury must make a timely demand as set forth in LBR 9015-2. Any party asserting a right to a jury trial must file and serve a memorandum of points and authorities and evidence in support of its position no less than fourteen days before the initial status conference. Any response must be filed at least seven days before the initial status conference. **If a party does not file and serve its papers in a timely manner, that failure may be deemed consent to whatever determination the Court makes.**

*Effective September 12, 2014*

**V.     MISCELLANEOUS FOR ADVERSARY PROCEEDINGS**

     1.     Unless otherwise ordered by the Court, within seven days after the initial status conference, the plaintiff must submit a scheduling order.

     2.     A copy of these instructions—including LBR Form F 7016-1.STATUS.REPORT attached as Exhibit A—must be attached to every copy of the complaint served upon a party, and the proof of service must state that a copy of these instructions was served along with a copy of the summons and complaint.

EXHIBIT "A"

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| ☐ *Individual appearing without attorney*<br>☐ *Attorney for:* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - **SELECT DIVISION****

| In re: | CASE NO.: |
|---|---|
| | ADVERSARY CASE NO.: |
| | CHAPTER: SELECT CHAPTER |
| Debtor(s). | |
| | **JOINT STATUS REPORT**<br>**LBR 7016-1(a)(2)** |
| Plaintiff(s).<br>vs. | DATE:<br>TIME:<br>COURTROOM:<br>PLACE: |
| Defendant(s). | |

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The parties submit the following JOINT STATUS REPORT in accordance with LBR 7016-1(a)(2):

**A.    PLEADINGS/SERVICE:**

1. Have all parties been served?    ☐ Yes  ☐ No
2. Have all parties filed and served answers to the complaint/counter-complaints/etc.?    ☐ Yes  ☐ No
3. Have all motions addressed to the pleadings been resolved?    ☐ Yes  ☐ No
4. Have counsel met and conferred in compliance with LBR 7026-1?    ☐ Yes  ☐ No

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                       Page 1                       **F 7016-1.STATUS.REPORT**

5. If your answer to any of the four preceding questions is anything <u>other</u> than an unqualified "YES," then please explain below (*or on attached page*):

**B. READINESS FOR TRIAL:**

1. When will you be ready for trial in this case?
   <u>Plaintiff</u>                                   <u>Defendant</u>

2. If your answer to the above is more than four (4) months after the summons issued in this case, give reasons for further delay.
   <u>Plaintiff</u>                                   <u>Defendant</u>

3. When do you expect to complete <u>your</u> discovery efforts?
   <u>Plaintiff</u>                                   <u>Defendant</u>

4. What additional discovery do you require to prepare for trial?
   <u>Plaintiff</u>                                   <u>Defendant</u>

**C. TRIAL TIME:**

1. What is your estimate of the time required to present <u>your side of the case</u> at trial (*including rebuttal stage if applicable*)?
   <u>Plaintiff</u>                                   <u>Defendant</u>

2. How many witnesses do you intend to call at trial (*including opposing parties*)?
   <u>Plaintiff</u>                                   <u>Defendant</u>

3. How many exhibits do you anticipate using at trial?
   <u>Plaintiff</u>                                   <u>Defendant</u>

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                      Page 2                      **F 7016-1.STATUS.REPORT**

**D. PRETRIAL CONFERENCE:**

A pretrial conference is usually conducted between a week to a month before trial, at which time a pre-trial order will be signed by the court. [See LBR 7016-1.] If you believe that a pre-trial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

| Plaintiff | Defendant |
|---|---|
| Pretrial conference ☐ is ☐ is not requested | Pretrial conference ☐ is ☐ is not requested |
| Reasons: | Reasons: |

| Plaintiff | Defendant |
|---|---|
| Pretrial conference should be set <u>after</u>: | Pretrial conference should be set <u>after</u>: |
| (*date*) _____ | (*date*) _____ |

**E. SETTLEMENT:**

1. What is the status of settlement efforts?

2. Has this dispute been formally mediated?    ☐ Yes    ☐ No
   If so, when?

3. Do you want this matter sent to mediation at this time?

| Plaintiff | Defendant |
|---|---|
| ☐ Yes    ☐ No | ☐ Yes    ☐ No |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                    Page 3                                    **F 7016-1.STATUS.REPORT**

**F. ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL:** (*Use additional page if necessary*)

Respectfully submitted,

Date: _____                                                                      Date: _____

_____        _____
Printed name of law firm                                                              Printed name of law firm

_____        _____
Signature                                                                                         Signature

_____        _____
Printed name                                                                                  Printed name

Attorney for: _____                        Attorney for: _____

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                                        Page 4                                                        **F 7016-1.STATUS.REPORT**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **JOINT STATUS REPORT LBR 7016-1(a)(2)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____    _____    _____
*Date*         *Printed Name*                     *Signature*

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 5                    **F 7016-1.STATUS.REPORT**

FORM B104 (08/07)                                                                                               2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>A. Cisneros, Chapter 7 Trustee | **DEFENDANTS**<br>Ivan Escobar, an individual, and Alba P. Escobar, an individual |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>WILLIAM G. MALCOLM, #129271 DANE EXNOWSKI, #281996<br>MALCOLM ♦ CISNEROS, A Law Corporation<br>2112 Business Center Dr. Irvine, CA 92612 Tele (949) 252-9400 | **ATTORNEYS** (If Known)<br>Luis Aguilar (Attorney for Debtor Ivan Escobar)<br>Law Offices of Luis Aguilar<br>3540 Twelfth St, Riverside, CA 92501 |
| **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☑ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☑ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
(1) AVOIDANCE OF FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 544 AND CAL. CIVIL CODE §§ 3439, ET SEQ [Actual Fraud and Constructive Fraud]; (2) RECOVERY OF TRANSFER PURSUANT TO 11 U.S.C. § 550 AND CAL. CIVIL CODE §§ 3439, ET SEQ.; (3) PRESERVATION OF AVOIDED TRANSFER FOR BENEFIT OF ESTATE PURSUANT 11 U.S.C. § 551

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [1] 11-Recovery of money/property - §542 turnover of property
- [ ] 12-Recovery of money/property - §547 preference
- [ ] 13-Recovery of money/property - §548 fraudulent transfer
- [2] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- [ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- [ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- [ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- [ ] 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- [ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- [ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- [ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- [ ] 61-Dischargeability - §523(a)(5), domestic support
- [ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
- [ ] 63-Dischargeability - §523(a)(8), student loan
- [ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- [ ] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- [ ] 71-Injunctive relief – imposition of stay
- [ ] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- [ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- [ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- [ ] 01-Determination of removed claim or cause

**Other**
- [ ] SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- [ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

FORM B104 (08/07), page 2                                                        2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR<br>Ivan Escobar and Aurora L. Escobar | | BANKRUPTCY CASE NO.<br>6:13-bk-30200 |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District California | DIVISIONAL OFFICE<br>Riverside | NAME OF JUDGE<br>Hon. Scott H. Yun |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |||
| DATE<br>6/11/15 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Dane W. Exnowski ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

WILLIAM G. MALCOLM, #129271
DANE W. EXNOWSKI, #281996
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive, Second Floor
Irvine, California  92612
Phone:  (949) 252-9400
Facsimile:  (949) 252-1032

Attorneys for
A. Cisneros, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION**

| | |
|---|---|
| In re<br><br>Ivan Escobar and Aurora L. Escobar,<br><br>Debtors. | Chapter 7<br><br>Case No.: 6:13-bk-30200-SY<br><br>Adv. No.: |
| A. Cisneros, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>Ivan Escobar, an individual, and Alba P. Escobar, an individual,<br><br>Defendants. | **TRUSTEE'S COMPLAINT FOR:**<br><br>**(1) AVOIDANCE OF FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 544 AND CALIFORNIA CIVIL CODE §§ 3439, ET SEQ.;**<br><br>**(2) RECOVERY OF TRANSFER PURSUANT TO 11 U.S.C. § 550 AND CALIFORNIA CIVIL CODE §§ 3439, ET SEQ.; AND**<br><br>**(3) PRESERVATION OF AVOIDED TRANSFER FOR BENEFIT OF ESTATE PURSUANT 11 U.S.C. § 551** |

**TO THE HONORABLE SCOTT H. YUN, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEFENDANTS, AND OTHER INTERESTED PARTIES:**

The Plaintiff A. Cisneros, the chapter 7 trustee ("Trustee"), acting on behalf of the estate of Ivan Escobar and Aurora L. Escobar ("Estate"), complaining of defendants Ivan Escobar, an individual, Alba P. Escobar, an individual ("Defendants"), hereby files this complaint for

1

avoidance of fraudulent transfer, recovery of transfer against Defendant Alba P. Escobar, and preservation of transfer for the benefit of the Estate ("Complaint"), and, in support, alleges as follows:

### JURISDICTION AND VENUE

1. On December 19, 2013, Ivan Escobar ("Debtor") and Aurora L. Escobar filed a chapter 7 petition under Title 11 of the United States Code which was assigned case number 6:13-bk-30200 ("Bankruptcy Case" or "Petition").

2. The Court has subject matter jurisdiction over the claims asserted in the Complaint pursuant to 28 U.S.C. § 157(a), (c)(1), (2) and 28 U.S.C. § 1334 as the claims arising out of the Complaint are related to the Bankruptcy Case. The Trustee consents to this Court entering final judgment on the Complaint.

3. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1409 as the Bankruptcy Case is pending in the Central District of California.

### STANDING

4. The Trustee has standing pursuant to 11 U.S.C. §§ 323 and 544.

### PARTIES

5. The Trustee is the duly appointed, qualified, and acting trustee for the Estate.

6. The Trustee is informed and believes, and based thereon alleges, that the Debtor is an individual who, at all times mentioned herein, resides in the Central District of California.

7. The Trustee is informed and believes, and based thereon alleges, that Alba P. Escobar ("Alba") is an individual who, at all times mentioned herein, resides in the Central District of California.

8. The Trustee is informed and believes, and based thereon alleges, that Alba P. Escobar is the mother of the Debtor and an insider of the Debtor within the meaning of 11 U.S.C. § 101(31).

///

///

## GENERAL ALLEGATIONS

9.  The Trustee realleges and incorporates herein by reference all preceding paragraphs of this Complaint as though fully set forth herein.

10. The Trustee is informed and believes, and based thereon alleges, that the Debtor acquired title to the real property commonly known as 16226 Orick Ave, Victorville, CA 92394, assessor's parcel number 0395-052-21 ("Property") by grant deed dated July 28, 2005 and recorded on December 19, 2005.

11. The Trustee is informed and believes, and based thereon alleges, that on or about November 17, 2011, the Debtor transferred title to the Property to Alba by grant deed recorded on November 22, 2011 ("Alba Transfer").

12. The Trustee is informed and believes, and based thereon alleges, that the Alba Transfer was made for no consideration.

13. The Trustee is informed and believes, and based thereon alleges, that in December, 2011 Alba sold the Property to David C. Jones, trustee of the David C. Jones Separate Property Trust dated September 10, 1997 ("Sale").

14. Trustee is informed and believes, and based thereon alleges, that on or about December 29, 2011, escrow closed with respect to the Sale, from which Alba received net proceeds in the amount of $90,007.80.

15. Upon the filing of the Petition, the Trustee learned of the Alba Transfer.

## FIRST CLAIM FOR RELIEF

**Avoidance of Fraudulent Transfer Against Defendants- Actual Intent**

**[11 U.S.C. § 544(b) and California Civil Code §§ 3439.04(a)(1) and 3439.07]**

16. The Trustee realleges and incorporates herein by reference all preceding paragraphs of this Complaint as though fully set forth herein.

17. The Alba Transfer was made by the Debtor with the actual intent to hinder, delay, and defraud existing creditors, conceal the Debtor's interest in the Property, to hinder and delay recovery of sums owing to creditors of the Debtor, and to avoid any exposure of the Property to any creditors.

18. The Alba Transfer was made by the Debtor to Alba on a date that is less than four years from the date of the Petition.

19. By Debtor's admission in his Schedule F filed in his Bankruptcy Case, unsecured creditors of the Debtor existed at the time of the transfer that remain unpaid as of the date of the Petition.

20. The Trustee is otherwise informed and believes, and thereon alleges, unsecured creditors of the Debtor existed at the time of the transfer that remain unpaid as of the date of the Petition.

21. By virtue of the foregoing, the Alba Transfer is avoidable pursuant to 11 U.S.C. § 544(b) and California Civil Code §§ 3439.04(a)(1) and 3439.07.

## SECOND CLAIM FOR RELIEF

**Avoidance of Fraudulent Transfer Against Defendants - Constructive Fraud**

**[11 U.S.C. § 544(b) and California Civil Code §§ 3439.04(a)(2) and 3439.05 and 3439.07]**

22. The Trustee realleges and incorporates herein by reference all preceding paragraphs of this Complaint as though fully set forth herein.

23. The Alba Transfer was made without the Debtor receiving a reasonably equivalent value in exchange for such transfer and at a time when the Debtor was insolvent or as a result of which the Debtor became insolvent.

24. The Debtor was engaged in business or a transaction, or was about to engage in a business or transaction, for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; or intended to incur, or reasonably should have believed that he would incur, debts beyond his ability to pay as such debts became due.

25. The Alba Transfer was made by the Debtor to Alba on date that is less than four years from the date of the Petition.

26. By Debtor's admission in his Schedule F filed in his Bankruptcy Case, unsecured creditors of the Debtor existed at the time of the transfer that remain unpaid as of the date of the Petition.

///

4

27. The Trustee is otherwise informed and believes, and based thereon alleges that unsecured creditors of the Debtor existed at the time of the transfer that remain unpaid as of the date of the Petition.

28. By virtue of the foregoing, the Alba Transfer is avoidable pursuant to 11 U.S.C. § 544(b) and California Civil Code §§ 3439.04(a)(2), 3429.05 and 3439.07.

## THIRD CLAIM FOR RELIEF

### Recovery of Fraudulent Transfer against Defendants

### [11 U.S.C. § 550 and California Civil Code § 3439.08]

29. The Trustee realleges and incorporates herein by reference all preceding paragraphs of this Complaint as though fully set forth herein.

30. Alba is the initial transferee of the Property or is the person whose benefit the Alba Transfer was made, and that judgment may be had against Alba for the value of the Property as of the date of the Abla Transfer.

31. By virtue of the foregoing, the Trustee is entitled to recover the Property or the value thereof from Defendants or either of them for the benefit of the Estate, plus interest thereon to date of judgment.

## PRAYER

WHEREFORE, the Trustee prays for judgment as follows:

1. Upon the First Claim for Relief, that the Alba Transfer be avoided for the benefit of the Estate, and preserved for the benefit of the Estate pursuant to 11 U.S.C. § 551;

2. Upon the Second Claim for Relief, that that the Alba Transfer be avoided for the benefit of the Estate, and preserved for the benefit of the Estate pursuant to 11 U.S.C. § 551;

3. Upon the Third Claim for Relief, for recovery of the value of the Property from Defendants or either of them, for the benefit of the Estate, plus pre-judgment interest at the maximum legal rate from the date of the Alba Transfer, or such other amount as shall be shown by proof prior to judgment;

4. For post-judgment interest at the maximum legal rate running from date of judgment herein until the date the judgment is paid in full, plus costs;

5

5. That the Trustee be awarded attorney's fees and costs of suit incurred in the prosecution of this action; and

6. For such other and further relief as the Court deems proper.

DATED: 6-11-2015

Respectfully Submitted,

MALCOLM ♦ CISNEROS, A Law Corporation

By: /s/
Dane W. Exnowski
Attorneys for Chapter 7 Trustee,
A. Cisneros

6

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

2112 Business Center Drive, Second Floor
Irvine, California  92612

A true and correct copy of the foregoing document entitled (*specify*): **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1], STATUS CONFERENCE PROCEDURES FOR HON. SCOTT H. YUN AND EXHIBIT A THERETO, ADVERSARY PROCEEDING COVER SHEET, AND TRUSTEE'S COMPLAINT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **6/17/2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**UST Riverside - ustpregion16.rs.ecf@usdoj.gov**

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) **6/17/2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Defendant and Debtor: Ivan Escobar 16573 Escalon Drive Fontana, CA 92336;**

**Defendant: Alba P. Escobar 324 East Ralston St. Ontario, CA 91761; Alba P. Escobar 16573 Escalon Drive Fontana, CA 92336;**

**Bankruptcy Counsel for Debtor: Luis Aguilar Law Offices of Luis Aguilar 3540 Twelfth St Riverside, CA 92501**

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **6/17/2015**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Hon. Scott Yun, United States Bankruptcy Court, 3420 Twelfth Street, Suite 345 / Courtroom 302 Riverside, CA 92501**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/17/2015 | Dane Exnowski | /s/ Dane Exnowski |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 7004-1.SUMMONS.ADV.PROC